I understand Mr. Singh is here. So we'll hear argument in the final case on today's argument calendar. Singh v. Rxr 620 Mass Release 21-1092. I can still say good morning, Mr. Singh. Good morning, Your Honors. May I please the court? My name is Harinderjit Singh, and I am appellant in this case. So there are multiple affilies in this case, Your Honors. So I will first start with Excel Security Corporation, which is also known as Excel Guard Corporation. Now, in 2009, from 2009 to this date, Your Honors, they are holding my back pay wages, which comes to like approximately $30,000 with additional interest. And many times they were doing negotiations that failed because they never wanted to pay that. Up to date, they are holding it. I'm a poor guy, Your Honors. That's why I'm in front of you. $30,000 they're holding up to date, which they got it from the owners, them owners, at 626th Avenue where this thing happened. And up to now, they're not paying it. So the cases against them filed in 2014 against Excel and the Security Service Incorporation and with Rxr. And in 2014, EOC found the discrimination against Excel Guard Corporation and with the Security Service Incorporation. I didn't see that. So they actually found the corporation discrimination? Yes, discrimination against them. Excel Guard Corporation, which is also known as Excel Security Corporation, and the Security Services Incorporation, Your Honor. And Your Honor, when the case was filed late of 2014 in the district court, and in 2015, the Excel never wanted to go for the litigation. They wanted to negotiate settlement. So they were engaging in settlement proceedings with my former attorneys, Michael Doran. And the whole year, they were doing e-mails and all kinds of things. And finally, when the negotiation failed, by the end of 2015, before they said they were going to sign for the waiver of service, they would accept the service. And then they changed. They say, we're not going to accept the service because there was an order that you were supposed to file for the extension of time to serve the papers, to process serving against Excel. And Your Honor, going to be noted here, there was no order from the district court that bounded my former attorney to file the extension of time. Now I go to the conference that took place in the late 2015, where the district court that I just said, because my former attorney, Michael Doran, explained to the district court that from the inception, they said that if the negotiation fails, they're going to accept the service. And now they changed. Now they changed, and they're saying they're not going to accept the service, and there was no order. So the trial judge at that time, Your Honor, I'm pointing to the 2015 conference that took place. The judge knew that the allegation against Excel, they are different, because it's only the denial of the promotion, and it has nothing to do with the other attorneys. So it's entirely, just the holding my, besides the other discrimination that they did against me. But Your Honor, I was just asking my bad pay wages, which I already worked in 2009, and they're not paying me that. And many times I say, reasonably, I will settle. They don't want to pay, up to now, Your Honor. So the trial judge, he said, okay, to my former attorney, Michael Doran, that you write a letter, and we will definitely consider this application, and we will allow you to, you know, give you the extension of time. And then, Your Honor, the judge, you know, the district court made a serious, I mean, you know, error in this, because in 2016, when the judge, you know, issued an order dismissing my complaint against Excel and pointing out that there was an order, there was no such order. So I'm, you know, just making a little shot with Excel. Your Honor, I'm requesting that that order should be reversed. And, you know, they're holding my money. I'm a poor guy. I support my family and my son. And up to now, they're holding my money. I request you to reverse that order so that they should proceed for further. And, Your Honor, they saved the money because they never came for the litigation, anything. All I'm asking is to get my money, money which I already worked for. And they're holding it very wrongfully. So I request you to reverse that order, and further it will go for proceeding. I will definitely sit down with them and settle it reasonably, Your Honor. So I'm requesting you to reverse that order that took place in June 10, 2016. The trial court dismissed my meritorious claims against Excel for no reason. So I request you, I kindly request you to, I mean. And then, Your Honor, my former attorney, Michael Dornan, at District Docket 46, right away, in the early 2016, served them with the complaints and everything, which they accepted. They accepted. So you can either, Your Honor, you can reinstate that or allow me 30 days extension to serve the complaint. We've got the record. We've got the benefit of what you supplied to us. And so we'll hear from the other side. Thank you. And now let me start with the Securitas, because that's another defendant. Securitas service. Oh, okay, with Excel. Yeah, I'll give you one minute on Securitas. Go ahead. Yes. Your Honor, now with the Securitas Service Incorporation and RXR, in 2012, in the same building, 626th Avenue, Your Honor, I went on an approved location. And during that approved location, I was covered under the 32BJ agreement that when I returned from my vacation, I was there for about six years, Your Honor. And I was the lead fire safety EAP director in the building and also the director of security and managing 20 people. I gave them training, everything, Your Honor. I maintained record books. Countless people I gave training. So when I came back, Your Honor, they said that, oh, the position is filled. That's not the case. Your Honor, I proved in the 2018 court conference, because they destroyed the physical evidence contained, where I was about to get about five to seven facts from those record books.  And when they came to know what I'm going to discover, they intentionally, physically, the physical record, they destroyed it. So that argument, we understand. And, Your Honor, in the conference in 2018, in the trial court, when the judge was present, I was there, Your Honor, and I proved that. And the judge said the relevant evidence was destroyed. The judge also said the position, when I came back, the positions were open. And granted my 98 motion, district docket 98, ad 104, saying that. Mr. Singh, so we understand the arguments against both that you're making. I think that we have very clearly in our head understood the arguments. So let us hear from the other side. I got you. Thank you, Your Honor. Thank you so much. Thank you very much. Your Honor, would you want to hear RxR, Securitas, or Excel? Let's hear from Excel. Thank you, Your Honor. Good morning. May it please the court. My name is Arthur Robb with the law firm of Clifton Budden D. Maria. I represent appellee Excel. Was Excel served? Excel was never served. If I could briefly summarize the relevant points on the timeline. So this action was commenced December 24, 2014. Excel was sued, as well as the other defendants. Mr. Singh worked for Excel. The relevant time period relates to 2009 when Mr. Singh expressed interest in a promotional opportunity. The position was given to another employee in October of 2009. And then Mr. Singh was later appointed to that position in March of 2010. And so Mr. Singh's claim against Excel relates to that three or four month period where he is claiming a failure to promote. The time it took you to get me into the job is somehow actionable. That's his claim against Excel. Then Excel lost this particular account. Excel provided security services relative to a commercial building here in Manhattan. Excel lost that building in January of 2012. Mr. Singh remained with the building and was hired by the subsequent security company. That is not a party to this action. And then that security company lost the contract. And the remaining appellees were brought in. So there is a causal break there between Excel and the other defendants or the other appellees. That's the timeline on the underlying facts. Lawsuit is filed in December of 2014. Mr. Singh chooses to serve all of the defendants except Excel. Mr. Singh, and that's, so service is completed by March of 2015 as to every other defendant except Excel. And Mr. Singh is represented by counsel at this time. How come you're here today, counsel? I'm sorry? How come you're here today if you weren't served? Well, we were here procedurally. Fast forward to December of 2015 at a discovery conference between Mr. Singh, all the other parties except Excel, at the district court. And the judge says, what's going on with this unserved defendant? Mr. Singh's attorney says, well, it's a different claim against them. We're talking to them separately and we haven't served them. And the court says, well, and this is, by the way, this is at, pardon me, this exchange is at page 92 to 95 of the record. Court says, okay, so you have a different theory of recovery against Excel. Mr. Singh was pro se throughout this whole- No, no, no, no. Singh was represented by a lawyer all through the relevant events as pertains to Excel. So in November of 2015, the court says to Singh's attorney, what do you want to do with Excel? Mr. Singh's attorney says, I'm out of time to serve him. I'd like to apply for more time. Court says, no problem. I'll take a letter application. How much time do you need? Do you need, is two weeks good? Counsel says, no problem, and doesn't file the letter. Waits a month or so, and then comes to the court and says, now, and mind you, Your Honor, this is now over a year after the action was commenced, and discovery is ongoing with everyone else except Excel. And so now in January of 16, after the court already set a deadline for an application for additional time, which Mr. Singh and his counsel missed, now in January of 16, application is made to seek leave for more time. Excel responds with a cross motion to dismiss for failure to timely serve. The motion is denied. The cross motion is granted. The underlying case against the other defendants goes on for X number of years until there's a final disposition. Everything comes up on appeal, and here we are. And here we are. Thank you very much. Thank you, Your Honor. Mr. Schlossberg. I took you in the order that Mr. Singh argued, so. Good afternoon, Your Honors. May it please the court. My name is Jeffrey Schlossberg from the law firm of Jackson-Lewis PC, representing the RXR Appellees and Securitas Security Services Court. In connection with the lower court's decision on summary judgment, it should be affirmed, there are four points that the court addressed, which I will attempt to address very expeditiously. But the first point is that RXR is not an employer, and therefore cannot be sued under Title VII. Under applicable case law, the court found as such, and that should be affirmed. I will point out that Mr. Singh, in his appellate brief, did not challenge that determination. So as far as we're concerned, that is settled and waived. With regard to Securitas on the failure to hire claim, the issue is, well, that he was on an approved vacation. The only problem is that the company that approved it was the prior employer, QPS. And as the district court noted, this is not the first time that Mr. Singh went through a transition from Excel to QPS, and now again from QPS to Securitas. The record shows that he took vacation, went to India, shut off his phone, and was unresponsive. I will also point out that Mr. Singh filed a previous case called Singh v. U.S. Security Associates, which the district court found summary judgment in the defendant's favor in 2005, and this court affirmed, in which Mr. Singh also went on vacation and was not available for a job. And the lower court, affirmed by this court, found that that was an indication that there was no discrimination because he was not available for an open position, and so did the lower court in this case. In addition, as far as any inference of discrimination, Securitas offered plaintiff other positions. There's no dispute about those facts. So that also undermines the notion that there was discrimination. Was there equal pay and responsibility? There would have been. There was no evidence to the contrary. He was going to be offered another fire safety director position, and he declined. So there is evidence in the record that shows that Securitas reached out to plaintiff while he was away, but he had voluntarily shut off his phone, and so he was not available for the time. There's, again, evidence which is undisputed that Securitas had to have the contract in place and the team set by September 1st of 2012. With regard to the claim that Securitas engaged in retaliation, that claim is based on a 2009 EEOC charge against Excel. And Mr. Singh was trying to somehow show that when the providers went from Excel to QPS to Securitas, that somehow Securitas or RxR had knowledge of this EEOC charge and acted in its decisions in retaliation for him having filed that charge. There is no evidence that either Securitas or RxR knew about that. The testimony in the record is that the individuals at these respective companies did not know about an Excel EEOC charge until this case was filed. Thank you. Thank you very much. Thank you, your honors. That will reserve the decision in this case. Mr. Singh, thank you very much. I think we're all set. Thank you very much. That concludes today's argument calendar. I'll ask the court and deputy to adjourn court. Thank you, your honor. Thank you very much.